IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH M. RUSSELL, | : | Civil No. 1:22-CV-01949 |
| Petitioner, | : | |
| v. | : | |
| J. SAGE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Joseph M. Russell ("Petitioner"), currently incarcerated at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill") in Minersville, Pennsylvania, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his custody classification and security designation by the Federal Bureau of Prisons ("BOP.")  (Docs. 1, 2.)  J. Sage ("Respondent") was the Warden at FCI-Schuylkill at the time Petitioner filed his habeas petition.  (Doc. 1.) The court finds that Petitioner's challenge to his custody classification is not actionable under § 2241, and the court lacks jurisdiction.  Therefore, the petition will be dismissed.

### **BACKGROUND AND PROCEDURAL HISTORY**

On August 28, 2008, Petitioner was sentenced to a 228-month term of imprisonment by the District of Columbia Superior Court for carrying a dangerous weapon, burglary while armed, assault with a dangerous weapon, and assault with

1

significant bodily injury.  (Doc. 10-1, p. 4.)[1]  His anticipated release date is currently calculated as May 30, 2024.  (*Id.*).

Petitioner filed the instant petition in December of 2022 alleging a denial of due process, denial of equal protection under the law, and excessive confinement premised on an alleged improperly calculated security designation and custody classification.  (Docs. 1, 2.)  Respondent filed a response on January 24, 2023, arguing that Petition's security designation and custody classification cannot be redressed through § 2241.  (Doc. 10.)  Petitioner did not file a traverse.  The court will now address the petition.

## DISCUSSION

Generally speaking, § 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence."  *See Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (stating that § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" the Third Circuit has defined this phrase to mean "put into effect" or "carry out."  *See id.* at 242–43 (citation and internal quotation marks omitted).

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

The Third Cricut has found that a federal prisoner may challenge conduct undertaken by the BOP that affects the duration of the prisoner's custody under § 2241.  *See, e.g., Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under § 2241 where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence).  Likewise, a federal prisoner may also challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment."  *See, e.g., Cardona*, 681 F.3d at 536–37 (providing that a federal inmate's petition is actionable under § 2241 where the inmate attacks the execution of his sentence by showing that the BOP acted in a way that is "inconsistent with a command or recommendation in the [inmate's] sentencing judgment").

In contrast, "when the challenge is to a condition of confinement such that a finding in [petitioner]'s favor would not alter his sentence or undo his conviction, [a civil rights] action under § 1983 is appropriate," not a § 2241 action.  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  The Third Circuit in *Leamer* relied upon the Supreme Court's decision in *Edwards v. Balisok,* 520 U.S. 641, (1997):

> In *Balisok*, a Washington state inmate had filed a § 1983 claim challenging the procedures used in a disciplinary hearing that had resulted in a loss of good-time credits. The Supreme Court held that because the inmate's challenge necessarily implied that his sentence was invalid, because the good-time credits should not have been taken away, it could only be brought on a writ of habeas corpus.

*Leamer*, 288 F.3d at 537–38.

Here, Petitioner's claims are "unrelated to the execution of his sentence" and simply challenge his custody classification and security designation.  *See Mabry v. Warden Allenwood FCI Low*, 747 F.App'x 918, 919 (3d Cir. 2019) (affirming dismissal of § 2241 petition in which petitioner sought to challenge his custody classification.)  As explained next, these two classifications do not affect the duration of his sentence and are in the sole discretion of the BOP.

Custody classification is "[t]he review process to assign a custody level based on an inmate's criminal history, instant offense, and institutional adjustment."  Program Statement 5100.08, *Inmate Security Designation and Custody Classification* (updated 2019) https://www.bop.gov/policy/progstat/5100_008cn.pdf (last visited 12/4/23) ("P5100.08"), ch. 2, p. 2; *see id.,* ch. 6, p. 1.  "A custody level (i.e., **COMMUNITY, OUT, IN,** and **MAXIMUM**) dictates the degree of staff supervision required for an individual inmate."  P5100.08, ch. 2, p. 2 (bold type in original).  The term "security level" describes:

> the structural variables and inmate-to-staff ratio provided at the various types of [BOP] institutions . . . [and] identifies the institution type required to house inmates based on their histories, institutional adjustment, and Public Safety Factors as well as the physical security of the institution to include mobile patrols, gun towers, perimeter barriers, housing, detection devices, inmate-to-staff ratio, and internal security.

4

*Id.,* ch. 2, p. 5.  "[BOP] institutions are classified into one of five security levels: **MINIMUM, LOW, MEDIUM, HIGH,** and **ADMINISTRATIVE** based on the level of security and staff supervision the institution is able to provide."  *Id.,* ch. 1, p. 1 (bold type in original).

The BOP retains exclusive authority to designate a federal inmate's place of confinement and make other custody-related determinations under 18 U.S.C. § 3621(b).  *Woodall*, 432 F.3d at 239 ("Under 18 U.S.C. § 3621(b), the BOP is vested with authority to determine the location of an inmate's imprisonment").

Specifically, for Petitioner to state a cognizable claim regarding his custody classification, he would need to demonstrate that granting the petition would "necessarily imply" a change to the fact, duration, or execution of his sentence.  *See id.* (citing *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)).  Petitioner's claim that the BOP improperly calculated his custody classification would not "necessarily imply" a change to the fact, duration, or execution of his sentence.  The court acknowledges that Petitioner states that the error has resulted in "excessive confinement," but Petitioner does not explain how his sentence is "excessive" in duration as opposed to security level.  Therefore, the court will dismiss the petition for lack of jurisdiction.

Petitioner is free to raise this claim in a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388

(1971).  *See Mabry*, 747 F. App'x at 919 (noting that "the District Court correctly dismissed Mabry's § 2241 petition without prejudice to the filing of a *Bivens* action").

## CONCLUSION

Accordingly, for the foregoing reasons, the court will dismiss the instant § 2241 petition without prejudice.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: December 28, 2023